IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODERICK ACY, §<br>TDCJ No. 2421758, §<br>  §<br>  Plaintiff, §<br>  §<br>V. §<br>  §<br>UNIDENTIFIED OFFICERS, ET AL., §<br>  §<br>  Defendants. § | | No. 3:22-cv-2497-B-BN |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Roderick Acy, now a Texas prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging violations of the Fourth Amendment against the City of Corsicana, Texas police department, two police officers, and a judge who "signed off on the search warrant" in question. Dkt. Nos. 5, 9, 11.

United States District Judge Jane J. Boyle referred Acy's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Acy leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. Nos. 6 & 8.

And, after screening his claims, as detailed below, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit with prejudice under 28 U.S.C. § 1915A.

### Applicable Background

Under the PLRA, where prisoners (whether incarcerated or detained pending

trial) seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Consistent with this obligation, the undersigned first issued a screening questionnaire, *see* Dkt. No. 9, to which Acy filed a verified response, *see* Dkt. No. 11, revealing that, through this civil lawsuit, he does not appear to challenge the validity of criminal convictions or sentences that have not been invalidated, so this lawsuit does not appear to implicate the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), under which "a civil rights lawsuit" is not allowed "to be an alternative vehicle [ ] to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused,'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (quoting *Heck*, 512 U.S. at 484).

Satisfied that *Heck* likely does not apply, the Court sets out what Acy appears to allege: that, in October 2019, Corsicana police officers wrongfully searched his apartment in violation of the Fourth Amendment. *See* Dkt. No. 5 at 5. According to Acy, officers first went to a neighboring apartment and, suspecting that someone was inside but wouldn't answer the door, obtained a search warrant. *See id.* Officers then entered Acy's apartment instead, presumably by mistake, but even after they realized they were in the wrong apartment, they still searched the apartment and found drugs. *See id.*

Acy was arrested in November 2019 on "the 23 warrants," "for everything that came out [of] the apartment." *Id.* And he was detained in the Navarro County jail until these charges were dismissed by prosecutors in December 2020 "for illegal search and violation of [his] civil rights." *Id.*

Acy then filed this lawsuit in October 2022. *See* Dkt. No. 3.

Construing Acy's Fourth Amendment allegations as analogous to the common law tort of malicious prosecution, since he alleges that he was arrested pursuant to warrants issued through the normal legal process, the Court next required the City of Corsicana to file a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See* Dkt. No. 14. The City filed the *Martinez* report. *See* Dkt. No. 15; *see also* Dkt. No. 21. And the Court allowed Acy to file a response, *see* Dkt. No. 17, and extended his deadline to do so, *see* Dkt. Nos. 18 & 19. But Acy never substantively responded.

**Legal Standards**

As set out above, the PLRA authorizes the Court to dismiss a complaint where it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, but it does require "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

A *Martinez* report is one "tool" a district court may use to screen claims under Section 1915A. *Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) ("This court has adopted the procedures used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915." (citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997))).

And, as the United States Court of Appeals for the Fifth Circuit more recently explained,

> [a] district court may obtain a *Martinez* report to frame its evaluation of a prisoner's *in forma pauperis* claim. "A *Martinez* report is produced as a result of prison officials' investigating the prisoner's complaints and compiling an administrative record that acts like an affidavit to aid the district court in screening the complaint." The report serves only to "sort and clarify issues raised in a pro se complaint."

*Thompson v. Tex. Dep't of Criminal Justice*, 67 F.4th 275, 280 (5th Cir. 2023) (footnotes omitted).

And, so, information provided through "[a] *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits." *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009) (per curiam) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)); *accord Cardona v. Taylor*, 828 F. App'x 198, 201 (5th Cir. 2020) (per curiam) (collecting cases).

Accordingly, "if the *Martinez* report conflicts with the *pro se* plaintiff's allegations, the district court must accept the plaintiff's allegations as true, not the records in the report." *Davis v. Lumpkin*, 35 F.4th 958, 964 (5th Cir. 2022) (citation omitted); *see also Thompson*, 67 F.4th at 280 (approving "[t]he district court['s reliance] on the 'more complete record' in the *Martinez* report to elucidate details about [a plaintiff's alleged] medical evaluations" where "nothing in the district court's opinion [ ] contradict[ed] the claims in [the plaintiff's] initial pleadings").

## Analysis

To begin, a claim for malicious prosecution under the Fourth Amendment is the only claim that could be timely considering that Acy filed this lawsuit almost three years after his 2019 arrest.

"Limitations for a § 1983 claim are determined by the 'forum state's general or residual personal-injury limitations period.'" *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quoting *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989))).

"Texas is the forum state, and its limitations period for personal injury claims

is two years," which "starts running once a claim accrues – that is, 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 16.003; quoting *Edmonds*, 675 F.3d at 916 (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987))); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (Federal courts "determine the accrual date of a § 1983 action by reference to federal law." (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007))).

So any Section 1983 false arrest claim accrued when Acy was arrested, and its accrual was not delayed by the subsequent criminal prosecution. *See Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2020 WL 5542333, at *2 (N.D. Tex. Sept. 15, 2020) ("[F]alse arrest [is] a Fourth Amendment claim that may be made (and is commonly made) prior to the conclusion of criminal proceedings." (citing *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 392 (5th Cir. 2020) ("In *Wallace*, the [United States] Supreme Court rejected the argument that, because of *Heck[ v. Humphrey*," 512 U.S. 477 (1994)], accrual [of a Section 1983 claim for false arrest] could not occur until there was a favorable termination of criminal charges, reasoning that 'the impracticality of' a 'rule' that 'an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside ... should be obvious.'" (emphasis omitted))), *modified*, 2021 WL 3828151 (N.D. Tex. Aug. 27, 2021), *aff'd*, 2023 WL 117826 (5th Cir. Jan. 5, 2023).

And "[t]he Supreme Court's reasoning in *Wallace* has been extended from false arrest claims to apply 'equally to claims seeking damages for unconstitutional

searches and seizures and related activities.'" *Bobo v. City of Wichita Falls, Tex.*, No. 7:13-cv-31-O, 2013 WL 3179499, at *3 (N.D. Tex. June 24, 2013) (quoting *LeBlanc v. City of Haltom City*, No. 4:10-cv-812-A, 2011 WL 2149908, at *5 (N.D. Tex. May 31, 2011)); *accord Moore v. City of Dall.*, No. 3:22-cv-714-M-BT, 2023 WL 2589394, at *18 (N.D. Tex. Mar. 17, 2023).

But, insofar as Acy asserts Fourth Amendment violations analogous to the common law tort of malicious prosecution, *see Winfrey v. Rogers*, 901 F.3d 483, 492-93 (5th Cir. 2018); *Fusilier v. Zaunbrecher*, 806 F. App'x 280, 282-83 (5th Cir. 2020) (per curiam), such claims accrued "only once the underlying criminal proceedings [were] resolved in [his] favor," *McDonough v. Smith*, 588 U.S. 109, 116 (2019) (citations omitted).

"To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022). And, as alleged, that occurred less than two years prior to Acy's filing this lawsuit.

"A plaintiff may bring a Fourth Amendment claim under § 1983 for malicious prosecution, even in the absence of 'some affirmative indication of innocence,'" because "'the gravamen of the Fourth Amendment claim for malicious prosecution is the wrongful initiation of charges without probable cause.'" *Bledsoe v. Willis*, No. 23-30238, 2023 WL 8184814, at *3 (5th Cir. Nov. 27, 2023) (per curiam) (cleaned up; quoting *Thompson*, 596 U.S. at 49, 43).

And, following "*Thompson*'s clear recognition of the constitutional tort of malicious prosecution," the Fifth Circuit "reinstated" "the rule iterated in *Gordy[ v. Burns*, 294 F.3d 722 (5th Cir. 2002),]" establishing the elements that "parties asserting a Fourth Amendment malicious prosecution claim under § 1983 must prove": "'(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.'" *Armstrong*, 60 F.4th at 279 (quoting *Gordy*, 294 F.3d at 727).

A plaintiff "must sufficiently allege each of these elements in order to bring a claim for malicious prosecution." *Wallace v. Taylor*, No. 22-20342, 2023 WL 2964418, at *6 (5th Cir. Apr. 14, 2023).

But first, "because an unlawful seizure is the threshold element, if the prosecution is supported by probable cause on at least one charge, then a malicious prosecution claim cannot move forward." *Armstrong*, 60 F.4th at 279 n.15 (citing *Thompson*, 596 U.S. at 43 n.2); *accord Sessanga v. City of DeSoto Police Dep't*, No. 3:24-cv-950-G-BN, 2024 WL 4682750, at *2 (N.D. Tex. Oct. 23, 2024) ("And, so, [a plaintiff's] argument that police officers violated his right to be free from malicious prosecution 'requires [the officers] to have acted in the absence of probable cause.'" (quoting *Matthews v. Green*, No. 23-10178, 2024 WL 448352, at *3 (5th Cir. Feb. 6, 2024) (per curiam))), *rec. accepted*, 2024 WL 4683661 (N.D. Tex. Nov. 4, 2024).

Here, the City provides through the *Martinez* report the complaint supported

by a probable cause affidavit that was issued prior to Acy's 2019 arrest. *See* Dkt. No. 15-1 at 22-24. Acy alleges no facts that contradict the existence of a probable cause affidavit, such that it has been demonstrated that it would be inappropriate for the Court to consider this record's existence while screening the plausibility of Acy's assertions of a malicious prosecution. *Compare Thompson*, 67 F.4th at 280, *with Davis*, 35 F.4th at 964; *cf. Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss" (citations omitted)).

And "[i]t is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009).

And, so, "a properly secured arrest warrant or grand jury indictment will shield a defendant who has committed or initiated a false arrest." *Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2023) (citing *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553-54 (5th Cir. 2016)).

"This is true even if the independent intermediary's action occurred after the arrest or if the arrestee was never convicted of a crime." *Id.*

This doctrine applies equally to Fourth Amendment violations grounded on theories of malicious prosecution and unreasonable search and seizure. *See Bledsoe v. Willis*, No. 23-30238, 2023 WL 8184814, at *4 (5th Cir. Nov. 27, 2023) (per curiam)

(applying the doctrine in the context of malicious prosecution); *Crocker v. Garcia*, Civ. A. No. H-10-4604, 2010 WL 4955401, at *3 (S.D. Tex. Nov. 30, 2010) ("It is well settled that if facts supporting a search or an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for purposes of a Fourth Amendment violation, insulating the initiating party." (collecting cases)).

And Acy has not alleged an exception to the doctrine to that could preclude its application to his claims – or, more importantly, facts that could support applying an exception here. *See Shaw v. Villanueva*, 918 F.4th 414, 417 (5th Cir. 2019) ("True, there is an exception to the doctrine…. [I]f the plaintiff shows that the defendant tainted the intermediary's decision-making process, the defendant can be liable. But the plaintiff has to show that the defendant maliciously withheld relevant information or otherwise misdirected the intermediary." And, at the pleadings stage, "unadorned allegations," devoid of "specific facts showing that [a defendant] misdirected" the intermediary, will "not establish[] the exception." (footnotes omitted)).

And, to the extent that Acy brings a claim against the judicial officer who signed off on the complaint supporting his arrest, Acy alleges no facts that could overcome judicial immunity.

"[A] judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)).

"Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*; *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court [employees] 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981))); *Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991) ("[T]he judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity." (citations omitted)).

In sum, the Court should dismiss this lawsuit with prejudice.

## Recommendation

The Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 20, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE